*715
SUMMARY ORDER

Petitioner Forid Miha, a citizen of Bangladesh, seeks review of the July 16, 2008 order of the BIA affirming the December 4, 2006 decision of Immigration Judge (“IJ”) Theresa Holmes-Simmons denying Miha’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Miha, No. A073 056 409 (B.I.A. July 16, 2008), aff'g No. A073 056 409 (Immig. Ct. N.Y. City Dec. 4, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA agrees with the IJ’s adverse credibility determination, emphasizes certain bases for that determination, and supplements the IJ’s decision, we review the IJ’s decision as supplemented by the BIA’s decision. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005); Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency’s adverse credibility determination rests on its finding that Miha had submitted two fraudulent medical documents. The finding of fraud is based on a letter from the U.S. State Department in Washington, D.C., which summarized a consular investigation of the documents undertaken by the U.S. Embassy in Dhaka, Bangladesh:
The U.S. Embassy in Dhaka, Bangladesh, reported that two of the documents in question, medical certificates allegedly issued 12/22/1999 by Dr. Md. Moqbul Hussain of Osmani Medical College, were fraudulent, according to Dr. Hossain. He examined the documents October 14 at his Office in Sylhet, Bangladesh, and declared that his signature had been forged and that his medical credentials had been listed incorrectly on the certificates. Given that these two certificates were deemed fraudulent, the embassy team did not attempt to verify another medical certificate, one dated 12/19/1999 and attributed to a Dr. Ka-malendu Roy, as to do so would have involved considerable additional travel.
An adverse credibility finding may reasonably be based on the applicant’s submission of a false document as evidence in an asylum proceeding. See Rui Ying Lin v. Gonzales, 445 F.3d 127, 133 (2d Cir. 2006). The IJ’s reliance on the letter was not error. See id. at 270. The adverse credibility finding was therefore supported by substantial evidence.
In light of the adverse credibility determination, the IJ concluded that Miha had not established his eligibility for asylum or withholding of removal. In re Miha, No. A073 056 409 (Immig. Ct. N.Y. City Dec. 4, 2006). Separately, the IJ determined that Miha had not established his eligibility for relief under the CAT. Id. The BIA affirmed. In re Miha, No. A073 056 409 (B.I.A. July 16, 2008). Having reviewed the record, we agree with the agency that Miha has not established his eligibility for any of the forms of relief sought.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).